```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**MARVIN BAILEY,**

    Movant

v.                                       CIVIL ACTION NO. 2:00-0156
                                            (Criminal No. 2:96-00191-03)

**UNITED STATES OF AMERICA,**

    Respondent

<u>**MEMORANDUM OPINION AND ORDER**</u>

**Pending are the movant's motions (1) for relief from judgment pursuant to Rule 60(b)(6), filed December 19, 2005, and (2) to deem the foregoing motion unopposed, filed March 23, 2006.**

**Movant seeks relief from a judgment order entered on January 23, 2001, denying his May 16, 2001, amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court received the proposed findings and recommendation of the United States Magistrate Judge filed on April 26, 2006, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On May 15, 2006, movant objected.**

**The proposed findings and recommendation set forth in great detail the factual and procedural history surrounding this case, in addition to the movant's successive, and unsuccessful,**

efforts to secure the vacatur of his conviction and sentence. The court revisits the magistrate judge's discussion only to the extent necessary to resolve the objections.

The movant lodges two primary objections.  First, he challenges the magistrate judge's finding that the state trooper in question "brought the extra-judicial contact to the attention of the trial judge and the parties during the trial." (PF&R at 9).  Assuming the magistrate judge erred in that regard, however, it was harmless.  The identity of the reporter of the contact is of little moment.  Instead, the inquiry is focused upon determining "the circumstances [of the contact], the impact thereof <u>upon the juror</u>, and whether or not <u>it was prejudicial</u> . . . ."  <u>Remmer v. United States</u>, 347 U.S. 227, 229-30 (1954) (emphasis supplied).

Second, the movant contends the state trooper should have been examined by the court and counsel regarding the juror contact.  Again, however, consistent with <u>Remmer</u>, "the salient issue is whether the contact had any undue influence on the jurors' decision in the case."  (PF&R at 9).  As noted in the proposed findings and recommendation, the presiding district judge conducted a thorough colloquy with each affected juror separately.  The testimony given by each was wholly consistent

2

among the three concerning the innocuous nature of the contact. There was simply no indication of any prejudice redounding to the movant's detriment.

Based upon the foregoing, and assuming the movant's claims are not procedurally barred, they are factually and legally meritless. The court, accordingly, ORDERS that the movant's motion for relief from judgment pursuant to Rule 60(b)(6) be, and it hereby is, denied. Inasmuch as the magistrate judge did not order the government to respond to the movant's motion, it is additionally ordered that the movant's motion to deem his foregoing motion as unopposed be, and it hereby is, denied. The court further orders that this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

ENTER: May 19, 2006

John T. Copenhaver, Jr.
United States District Judge

3